## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Wayne B. Sargent

    v.                                  Civil No. 12-cv-102-SM

N.H. Department of Corrections, et al.


### REPORT AND RECOMMENDATION


Before this court for a report and recommendation is pro se plaintiff Wayne Sargent's motion for a temporary restraining order (doc. no. 10), seeking to enjoin the prison from retaliating against him and, seeking an order specifically barring the prison from transferring him to another housing unit or facility.  The motion includes a notation that it was copied to the New Hampshire Attorney General.  The court treats the motion, copied to the state before defendants have been served, as a motion filed pursuant to Fed. R. Civ. P. 65 (motions for preliminary injunctions and for temporary restraining orders without notice).

A preliminary injunction is "an extraordinary and drastic remedy that is never awarded as of right." Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citations and quotation marks omitted).  To obtain preliminary injunctive relief, a plaintiff must establish "that

he is likely to succeed on the merits, that he is likely to
suffer irreparable harm in the absence of preliminary relief,
that the balance of equities tips in his favor, and that an
injunction is in the public interest." Winter v. Nat. Res. Def.
Council, Inc., 555 U.S. 7, 20 (2008). "'[P]erhaps the single
most important prerequisite for the issuance of a preliminary
injunction is a demonstration that if it is not granted the
applicant is likely to suffer irreparable harm before a decision
on the merits can be rendered.'" Voice of the Arab World, 645
F.3d at 32 (quoting 11A Chas. Alan Wright et al., Fed. Pract. &
Proc. § 2948.1, at 139 (2d ed. 1995)). "[I]n most cases,
'irreparable harm constitutes a necessary threshold showing for
an award of preliminary injunctive relief.'" González-Droz v.
González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting
Charlesbank Equity Fund II, LP v. Blinds To Go, Inc., 370 F.3d
151, 162 (1st Cir. 2004)); see also Fed. R. Civ. P. 65(b)(1)(A)
(motion for temporary restraining order issued without notice
shall state specific facts in affidavit or verified complaint to
show that immediate and irreparable injury, loss, or damage will
result before adverse party can be heard in opposition). The
burden of proof on a motion for preliminary injunction is on the
movant. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d
13, 18 (1st Cir. 2006).

In this action, Sargent challenges a prison decision to terminate his participation in and refuse to readmit him to the prison's sex offender treatment program.  Sargent alleges that his successful completion of the program is a pre-condition for being paroled to the next of a series of consecutive prison sentences.

In his motion for a temporary restraining order, Sargent has asserted that he fears that he will be transferred from his current housing unit in retaliation for having filed this lawsuit against prison administrators and members of the parole board.  In support of his motion, plaintiff baldly asserts that (1) the prison has a history of retaliating against inmates for filing lawsuits and grievances; (2) plaintiff was previously transferred to a prison facility in Berlin, New Hampshire, the last time he was terminated from the sex offender treatment program; (3) his unit manager previously attempted to transfer him to another housing unit when the unit manager learned that Sargent was not able to be readmitted to the sex offender treatment program; and (4) his unit manager has a "reputation for retaliation against inmates that fight the system."

The facts alleged by plaintiff fail to show, as a matter of law, irreparable harm.  Plaintiff has not alleged any facts showing a likelihood that any prison official will retaliate against him for filing an action challenging his dismissal from

3

the sex offender treatment program or the parole denial, or that any transfer from his current housing unit, if it occurs, would be motivated by a retaliatory animus or result in irreparable harm to him. Because Sargent has failed to assert any facts or argument suggesting that irreparable harm may occur if the requested injunction does not issue, the court should deny the motion (doc. no. 10).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 5, 2012

cc: Wayne B. Sargent, pro se

LBM:nmd

4