UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Wayne B. Sargent

   v.                                              Civil No. 12-cv-102-SM

N.H. Department of Corrections et al.[1]

### REPORT AND RECOMMENDATION

Before this court is pro se plaintiff Wayne Sargent's initial complaint (doc. no. 1), including exhibits, and his amended complaint (doc. no. 15), which is collectively construed as the "complaint" in this matter for all purposes. The complaint (doc. nos. 1 and 15) is before the court for preliminary review to determine if the claims should be dismissed, amended, or served upon defendants. See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] Defendants named in the complaint are William Wrenn, New Hampshire Department of Corrections ("NH DOC") Commissioner; Chris Kench, NH DOC Assistant Commissioner; Richard Gerry, New Hampshire State Prison ("NHSP") Warden; Helen Hanks, NHSP Director of Forensics; Kim Marsh, Director of the NHSP Sex Offender Treatment Program; and New Hampshire Adult Parole Board members Pierre Morin, Mark Furlone, Jeffrey Brown, Megan Devorsey, Kathryn McCarrol, Dick Flynn, and Donna Sytek.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of all inmate complaints and amendments thereto. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2). The magistrate judge may direct service of the complaint, order an amendment, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. §§ 1915(e)(2) and 1915A(b); LR 4.3(d)(2).

In determining whether such a complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

## Background

In July 2000, Sargent was sentenced to four consecutive sentences of imprisonment, stand committed. He is currently serving the second, seven- to twenty-year sentence. The sentencing orders for the third and fourth sentences provide that part of the minimum of the third sentence and all of the minimum of the fourth sentence may be suspended if Sargent demonstrates that he participated meaningfully in the NHSP sex offender treatment ("SOT") program, and that his failure to complete a treatment program at the NHSP may result in the imposition of any suspended sentence.

Sargent asserts that the NHSP twice terminated him from the SOT program before he completed it, most recently in April 2008. Sargent grieved the April 2008 SOT termination, the warden failed to alter it, and Chris Kench, on behalf of the New Hampshire Department of Corrections ("DOC") Commissioner, denied Sargent's appeal on August 21, 2008.

Two years later, in October 2010, Sargent appeared before the Adult Parole Board ("APB"). The APB refused to parole Sargent into his third sentence. The APB decision, dated October 28, 2010, states that Sargent's parole application would be reheard if he were found acceptable for re-entry into the SOT

program. Sargent asserts that during the APB hearing, he was told to stop proselytizing, and to stop putting his religion before the SOT program.

Thereafter, Sargent requested re-admission to the SOT program, and Kim Marsh, SOT program director, denied Sargent's request in 2010, citing the two prior terminations and a prison policy denying eligibility for reentry after two terminations. Sargent grieved that decision unsuccessfully.

In March 2011, Sargent filed a post-trial motion in his criminal case, which he entitled a "Motion to Amend, Suspend, and for Injunctive Relief." In that motion, docketed in State v. Sargent, Nos. 211-1996-CR-00245 & 211-1997-CR-00081 (N.H. Super. Ct. Belknap Cnty.), Sargent asserted that the prison had violated his Fourteenth Amendment equal protection and due process rights by refusing to readmit him to the SOT program, and that the APB had violated his First Amendment and Fourteenth Amendment rights, by denying him parole and telling him not to proselytize and to stop putting his religion above the SOT program. Sargent moved to modify his sentence to remove the SOT program condition, to set aside the APB decision, and/or to direct that he be paroled into his third sentence. The state objected to that motion, and the superior court denied it.

Sargent's motion to reconsider, which additionally requested re-entry into the SOT program, was also denied. See Ex. 4 to Compl. (doc. no. 1-4), at 32-33 (superior court orders). The New Hampshire Supreme Court ("NHSC") declined to accept Sargent's discretionary appeal. See State v. Sargent, No. 2011-0351 (N.H. June 22, 2011). Thereafter, Sargent filed this action.

**Claims**

The complaint (doc. nos. 1 and 15), liberally construed, asserts the following claims, under 42 U.S.C. § 1983:

1. The April 2008 termination of Sargent's participation in the SOT program violated Sargent's First and Fourteenth Amendment rights to the free exercise of religion, due process, and equal protection.

2. Prison officials violated Sargent's rights to due process and equal protection, in connection with the 2008 grievance process in that: (1) defendant Kench and not the DOC commissioner denied Sargent's grievance in August 2008; (2) the warden failed to follow up on Sargent's grievance, despite promising to do so in 2008; and (3) prison officials failed to "fix the problem" despite receiving information through grievances filed in 2008 that cleared Sargent of wrongdoing.

3. In October 2010, the APB violated Sargent's rights to the free exercise of religion and due process by denying him parole, by telling him to stop proselytizing and putting his religion above the SOT program, and by placing an "impossible condition" on his parole eligibility.

4. The 2010 NHSP decision to deny Sargent re-admission to the SOT program violated Sargent's First and Fourteenth

>Amendment rights to the free exercise of religion, equal protection, and due process.

Sargent seeks damages, declaratory relief, and injunctive relief (including an order modifying his sentence to remove SOT program participation as a condition for parole, readmitting plaintiff to the SOT program, and/or allowing plaintiff to complete his treatment "on the streets").

**Discussion**

I. <u>Statute of Limitations (Claims 1 and 2)</u>

Sargent's first two claims (Claims 1 and 2 above) challenge the decisions of NHSP and DOC officials in 2008 which, he asserts, violated his federal constitutional rights. All of the incidents at issue in Claims 1 and 2 allegedly occurred in 2008.

Sargent's cause of action for Claims 1 and 2 is 42 U.S.C. § 1983, which provides a private right of action for an individual claiming that persons acting under color of state law violated his or her federal constitutional rights. See <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 40-41 (1st Cir. 2009). The statute of limitations applicable to § 1983 claims arising in New Hampshire is three years. See <u>Gorelik v. Costin</u>, 605 F.3d 118, 121 (1st Cir. 2010). "'Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the

injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt.'" Id. at 122 (citation omitted).

The claims at issue here accrued more than three years ago. Sargent knew or had reason to know in 2008 that his participation in the SOT program had been terminated by NHSP officials, and he had reason to know the basis for that termination, which he asserts violated his federal rights. Moreover, he had reason to know in 2008, the steps that prison officials took or failed to take in responding to his grievances, which he asserts violated his right to due process. Accordingly, Claims 1 and 2 accrued more than three years before Sargent filed this action.

Sargent has alleged no facts suggesting that the statute of limitations should be equitably tolled here. Sargent had all of the information essential to bringing suit in 2008, and he alleges no misconduct of defendants, or other circumstances outside of his control, as a basis for his failure to file these claims within the statutory period. See generally Schomaker v. United States, 07-CV-164-PB, 2008 WL 2065918 (D.N.H. May 13, 2008) (setting forth state and federal standards for equitable

tolling, and noting that such tolling is "'justified only in extraordinary circumstances'" (citation omitted)), aff'd, 334 F. App'x 336 (1st Cir. 2009). Accordingly, the court should dismiss Claims 1 and 2 as time-barred.

II. Collateral Estoppel (Claims 3 and 4)

Sargent has previously litigated in state court all of the issues set forth in Claims 3 and 4 above.

> Collateral estoppel has long been employed as a means of ensuring repose. "Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise."

Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 92 (1st Cir. 2007) (quoting Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991)).

Federal courts look to state law to determine the preclusive effect of earlier state court decisions. See Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 326-27 (1st Cir. 2009). Under New Hampshire law, collateral estoppel bars a party to a prior action from relitigating any issue or fact actually litigated and determined in the prior action, if the party to be estopped "had a full and fair prior opportunity to litigate the issue or fact in question." Daigle v. City of

Portsmouth, 129 N.H. 561, 570, 534 A.3d 689, 693 (1987). Three basic conditions must be met before collateral estoppel will arise: "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party," or to have been in privity with a party to the first action. Id.

Here, Sargent -- the party to be estopped -- appeared as a party in both cases. He actually litigated, through his post-trial motion in his criminal case, all of the issues set forth above in claims 3 and 4, in connection with his request for injunctive and declaratory relief in state court. He asserted the same claims, and requested the same relief, both in state court and in this court. In finding that Sargent had "not provided sufficient basis to grant the relief requested," the state superior court denied on the merits Sargent's claims of federal constitutional violations perpetrated by the NHSP officials who refused to re-admit him to the SOT, and the APB members who refused to grant him parole. That decision was not altered by the NHSC, which declined to accept Sargent's appeal. Sargent cannot relitigate those same issues and claims in this action. Accordingly, Claims 3 and 4 should be dismissed.

**Conclusion**

For the foregoing reasons, all of the claims asserted in this action should be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 31, 2012

cc: Wayne B. Sargent, pro se

LBM:nmd